199 So. 652

## A. WILBERT'S SONS LUMBER & SHINGLE CO., Inc., v. COLLECTOR OF REVENUE OF LOUISIANA.

### No. 35449.

Dec. 2, 1940.

Rehearing Denied Jan. 6, 1941.

Borron, Owen & Borron, of Plaquemine, for petitioner-appellant.

Eugene Stanley, of New Orleans, and E. Leland Richardson, Cicero C. Sessions, and A. Leon Hebert, Jr., all of Baton Rouge, for respondent-appellee.

ROGERS, Justice.

A. Wilbert's Sons Lumber & Shingle Company, Inc., instituted a proceeding before the Board of Tax Appeals, created under the provisions of Act No. 21 of 1934, seeking a redetermination of deficiencies asserted by the Collector of Revenue in the company's income tax returns for the fiscal years ending February 28, 1935 and 1936. The controversy grew out of the refusal of the Collector of Revenue to allow a claimed deduction of $26,468.94 from the taxpayer's gross in-

come for the fiscal year ending February 28, 1936.

After hearing the parties, the Board of Tax Appeals found that the deduction of $26,468.94 claimed by the taxpayer was properly disallowed by the Collector of Revenue, except so much thereof as represented taxes and interest accrued during the fiscal years 1935 and 1936. Accordingly, the Board of Tax Appeals entered a judgment redetermining the deficiencies in the petitioner's income tax as $2,143.18 for the fiscal year 1935 and as $784.14 for the fiscal year 1936.

A. Wilbert's Sons Lumber & Shingle Company, Inc., filed a petition in the Nineteenth Judicial District Court for the Parish of East Baton Rouge for the purpose of obtaining a review of the decision of the Board of Tax Appeals. Act No. 21 of 1934, §§ 80, 81. The hearing in the district court resulted in a judgment affirming the ruling of the Board of Tax Appeals and dismissing the proceeding. From that judgment, the present appeal was taken under the provisions of section 81(a) of the Income Tax Law.

The facts, as disclosed by the record, are as follows: The appellant is a domestic corporation, with its principal office in the City of Plaquemine. Before and during the taxable years involved in this controversy, it was engaged primarily in the lumber and sugar business. On August 15, 1935, Peyton R. Sandoz, Associate Counsel for the State of Louisiana, Public Rate and Service Adjustment, under employment of the Louisiana Service Commission and Reclamation of Unreported Taxes, under employment of Department of Justice, wrote appellant demanding the payment of $129,265.89 for taxes, interest and penalties on property owned by appellant in the Parishes of Ascension, Iberville and West Baton Rouge, not reported for assessment and taxation for the years 1932, 1933, and 1934.

As the result of negotiations conducted with Sandoz by its attorney, appellant paid Sandoz, instead of the original amount demanded, the sum of $26,468.94, for which it received a receipt reading as follows:

"October 1, 1935.

"Received of A. Wilbert's Sons Lumber and Shingle Company, Plaquemine, Louisiana, the sum of Twenty-six Thousand Four Hundred Sixty-eight Dollars ($26,-468.94) and Ninety-four Cents, in full payment of back taxes due the State of Louisiana for the years 1932, 1933, and 1934.

"(Signed) Peyton R. Sandoz, Counsel."

It is this payment of $26,468.94, made to Sandoz, which in the preparation of its income tax return for the fiscal year 1936 the appellant listed as a deduction in the item "Taxes—Local and State, $32,149.25." The appellant's books are kept on an accrual basis. A statement prepared by its auditors shows that the $26,-468.94 paid to Sandoz was distributed to the parishes in which the assessment on the property was increased.

As the result of the agreement entered into with Sandoz, appellant's assessment in the Parish of West Baton Rouge alone was raised $119,000 without any objec-

tion on the part of the appellant, and since that time the payment of its taxes has been made on the basis of the increased assessment.

■ The short question presented for our determination in this case is whether the sum of $26,468.94, paid to the State of Louisiana in compromise of its claim for back taxes for the years 1932, 1933, and 1934, is deductible for income tax purposes for the year in which the settlement and payment was made, as contended by appellant, or whether it should be allocated to the years for which the taxes were due or should have been paid, as contended by the appellee.

Appellant argues that in the years 1932, 1933, and 1934, all the taxable property owned by it in the Parishes of Ascension, Iberville and West Baton Rouge, except a small number of logs lying in the swamp in the Parish of Iberville, had been legally assessed by the assessors or the tax assessing authorities of the State, and that appellant had paid all taxes due under the assessments; that as a consequence there did not exist any legal tax liability or debt due the state by appellant, and the claim urged against appellant by Sandoz was illegal; that the amount paid Sandoz by appellant in compromise was for the purpose of avoiding litigation or harassment and was not in any sense intended as an admission on appellant's part of an additional tax liability for the prior years. Appellant's argument cannot prevail.

We do not find any force in appellant's contention that the payment made to San-doz in 1935 constitutes a deductible debt, loss, or expense which, for income tax purposes, came into existence only at the time the claim was compromised and the payment made. While appellant may have considered it expedient to pay a portion of the amount claimed for back taxes by Sandoz in order to avoid a lawsuit and to protect its business from harassment, that fact does not make the amount paid deductible as an ordinary and necessary expense of the business. In the first place, taxes are not debts in the ordinary acceptance of the term. In the next place, it cannot be successfully argued that the payment made to Sandoz was an ordinary or necessary business expense, in view of appellant's contention that there was no legal liability resting upon appellant to make the payment. It would seem to be clear that if there were no legal liability, there can be no legal deduction for the payment. It would also seem to be too plain for argument that if the claim for back taxes made by Sandoz was illegal, the proper time to set up its illegality was when the claim was made. Instead of doing this, however, appellant chose to settle the claim by paying a lesser amount than that which was demanded. It is immaterial that the claim was settled by compromise instead of by payment in full. The fact that a definite sum was paid presupposes the appellant's liability for the taxes. The compromise was as effective as a judgment would have been in settling the claim. The settlement cannot, any more than any other judgment, be attacked col-

laterally, as appellant is seeking to do in this proceeding.

We do not see how it can be successfully contended that the amount of $26,468.94 paid to the State, through its representative, as a compromise settlement of back taxes due for the years 1932, 1933, and 1934 is allowable as a deduction in computing appellant's net income for the taxable year ending February 28, 1936. The receipt executed by Sandoz, on behalf of the State, and accepted by appellant without protest, as well as appellant's income tax return in which the deduction is claimed, clearly shows that the payment made by appellant was for additional taxes.

The amount appellant paid to Sandoz can be deducted only as taxes, if deductible at all. This being true, the amount paid to settle the taxes must be considered and treated in the same manner as the other taxes which appellant accrued on its books, as that is the method of accounting followed by appellant.

It is well settled that a taxpayer who keeps his books on the accrual basis should deduct taxes from gross income for the taxable year in which such taxes accrued and not for the year in which they are paid. United States v. Anderson, 269 U.S. 422, 46 S.Ct. 131, 70 L.Ed. 347.

For the reasons assigned, the judgment appealed from is affirmed.